

**NUMBER 13-17-00516-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**JUSTIN BAYARDO,**                                                                                  **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                       **Appellee.**

---

**On appeal from the 117th District Court
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Longoria**

Appellant Justin Bayardo was convicted of two counts of aggravated kidnapping and one count of aggravated sexual assault. *See* TEX. PENAL CODE ANN. §§ 20.04, 22.021 (West, Westlaw through 2017 1st C.S.). Bayardo elected to have the court assess punishment. After finding the enhancement true, punishment was assessed at sixty-years' incarceration for each count, to run concurrently. Bayardo's court-appointed

counsel has filed an *Anders* brief.  *See Anders v. California*, 386 U.S. 738, 744 (1967).

Bayardo timely filed a pro se response.  We affirm.

## I.  *ANDERS* BRIEF

Pursuant to *Anders*, Bayardo's court-appointed appellate counsel has filed a brief

and a motion to withdraw with this Court, stating that his review of the record yielded no

grounds of error upon which an appeal can be predicated.  *See id.*  Counsel's brief meets

the requirements of *Anders* as it presents a professional evaluation demonstrating why

there are no arguable grounds to advance on appeal.  *See In re Schulman*, 252 S.W.3d

403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically

advance 'arguable' points of error if counsel finds none, but it must provide record

references to the facts and procedural history and set out pertinent legal authorities.")

(citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no

pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel

Op.] 1978), Bayardo's counsel carefully discussed why, under controlling authority, there

is no reversible error in the trial court's judgment.  Counsel has informed this Court, in

writing, that counsel has:  (1) notified the appellant that counsel has filed an *Anders* brief

and a motion to withdraw; (2) provided appellant with a copy of the *Anders* brief and

motion to withdraw; (3) informed the appellant of his rights to file a pro se response[1] and

review the record preparatory to filing that response; and (4) provided the appellant with

a form motion for pro se access to the appellate record with instructions to file the motion

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

in this Court. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Bayardo has filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an Anders brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). If a later pro se brief is filed after an *Anders* brief has been submitted on behalf of the appellant, the court of criminal appeals has in *Bledsoe* stated an appellate court has two choices. *Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005). We may determine the appeal is wholly frivolous and issue an opinion after reviewing the record and finding no reversible error. *Id.* at 826–827. Alternatively, if we determine that arguable grounds for appeal exist, we must remand for the appointment of new counsel to brief those issues. *Id.* at 827.

We have conducted an independent review of the record, including appellate counsel's brief and Bayardo's pro se response, and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *Bledsoe*, 178 S.W.3d at, 826–27. We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. *See Garner*, 300 S.W.3d at 766; *Bledsoe*, 178 S.W.3d at 827.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Bayardo's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas

1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Bayardo and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV. CONCLUSION

Counsel's motion to withdraw is granted. We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of June, 2018.

---

[2] No substitute counsel will be appointed. If Bayardo seeks further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

4